UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SETH T. MORTIMORE,

Plaintiff,

v.

CAUSE NO. 3:19CV58-PPS/MGG

ROBERT CARTER, et al.,

Defendants.

OPINION AND ORDER

Seth T. Mortimore, a prisoner without a lawyer, has filed an amended complaint (ECF 4) under 42 U.S.C. § 1983 alleging that he was wrongly reclassified while being housed at the Westville Correctional Facility and that he was therefore ineligible to apply for work release. Pursuant to 28 U.S.C. § 1915A, I must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under Section 1915A as when deciding a motion under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. Furthermore, "[a] document filed *pro se*

is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). To state claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

According to the complaint, throughout September of 2018, Mortimore received a series of confusing communications regarding his classification designation. On September 17, 2018, and September 19, 2018, he received forms indicating his classification level was F3. But then forms dated September 18, 2018, and September 25, 2018, indicated that Defendants Patrick Krueger, Andrew Pazera, and Jack Hendrix enhanced his classification level to F5. On September 28, 2018, he received forms that indicated his status had been reduced to F3. On September 30, 2018, Mortimore wrote to Patrick Krueger requesting an explanation. He was then notified that his request for work release had been denied, and that it could be resubmitted in March of 2019. Responding to an appeal, Sonya Phipps indicated that his status for work release was F5, and that no application for work release would be reviewed until March 2019. Then, on December 12, 2018, Mortimore again received a communication indicating that his classification status was F3. Mortimore has sued each individual referenced above. In addition, he has sued Commissioner Robert Carter and Warden Mark Sevier alleging that they failed to adequately train their employees, resulting in pain, anguish, and an improper classification level within the facility.

.

To the extent that Mortimore challenges his length of confinement, he cannot seek that remedy in a civil rights action. A civil rights action is the appropriate vehicle to seek monetary damages, but a writ of habeas corpus is the exclusive remedy to challenge the fact or duration of confinement. *Glaus v. Anderson,* 408 F.3d 382, 387-88 (7th Cir. 2005) (explaining the difference between civil rights and habeas remedies).

To the extent that Mortimore is seeking monetary damages, the law is clear that Mortimore does not have a protected liberty interest in a particular security classification. *See Sandin v. Conner*, 515 U.S. 472, 486 (1995). Instead, a prisoner is entitled to due process protections only when the state's action imposes an "atypical and significant hardship on him in relation to the ordinary incidents of prison life." *Id.; see also DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) ("[P]risoners possess neither liberty nor property in their classifications and prison assignments."). Mortimore does not explain how his new classification poses either an "atypical" or "significant" hardship in relation to the ordinary incidents of prison life. Therefore, I cannot find that Mortimore has stated a due process claim.

Though this complaint does not state a claim, and while it seems unlikely that Mortimore will be able to state a claim against any of these defendants based on his reclassification, it is not possible to definitively say that he could not do so. Therefore, he will be permitted time to file a second amended complaint if he believes that addressing the issues raised in this order will allow him to present the facts necessary to state a claim. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

3

ACCORDINGLY, the court:

(1) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint form and send it to Seth T. Mortimore;

(2) GRANTS Seth T. Mortimore to and including **July 31, 2019**, to file a second amended complaint; and

(3) CAUTIONS him that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on June 26, 2019.

/s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT