UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SETH T. MORTIMORE,

Plaintiff,

v.

CAUSE NO. 3:19CV58-PPS/MGG

ROBERT CARTER, et al.,

Defendants.

OPINION AND ORDER

Seth T. Mortimore, a prisoner without a lawyer, has filed a second amended complaint (ECF 10) under 42 U.S.C. § 1983 alleging that he was wrongly reclassified while being housed at the Westville Correctional Facility and that he was therefore ineligible to apply for work release. Pursuant to 28 U.S.C. § 1915A, I must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under Section 1915A as when deciding a motion under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. Furthermore, "[a] document filed *pro se*

is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). To state claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

The second amended complaint (ECF 10) is, in all material respects, identical to the amended complaint (ECF 4). Mortimore received a series of confusing communications regarding his classification designation and, as a result of administrative incompetence, was denied work release. As explained previously, Mortimore does not have a protected liberty interest in a particular security classification. *See Sandin v. Conner*, 515 U.S. 472, 486 (1995). Instead, a prisoner is entitled to due process protections only when the state's action imposes an "atypical and significant hardship on him in relation to the ordinary incidents of prison life." *Id.*; *see also DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) ("[P]risoners possess neither liberty nor property in their classifications and prison assignments."). Although it seemed unlikely that Mortimore would be able to state a claim based on him being reclassified, he was given an opportunity to amend his complaint. Mortimore's second amended complaint, however, does not explain how the classification changes he experienced posed an "atypical" or "significant" hardship on him in relation to the ordinary incidents of prison life. Therefore, I cannot permit Mortimore to proceed on this claim.

ACCORDINGLY, the court DISMISSES this case pursuant to 28 U.S.C. § 1915A because the second amended complaint does not state a claim for which relief can be granted.

SO ORDERED on September 11, 2019.

/s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT